Filed 6/30/22  P. v. Caraveo CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B311206 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA022377) |
| v. | |
| LEO CARAVEO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lynne M. Hobbs, Judge.  Remanded with instructions.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel C. Chang and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Leo Caraveo challenges the trial court's denial of his petition under Penal Code section 1170.95[1] for resentencing on his murder conviction. He contends that the trial court erred by denying his petition at the prima facie stage on the basis of facts derived from his preliminary hearing transcript and the Court of Appeal opinion in his co-defendant's appeal. We agree and remand to the trial court for further proceedings.

## FACTS AND PROCEEDINGS BELOW

In 1991, Caraveo pleaded guilty to one count of second degree murder (§ 187, subd. (a)) and admitted that he was armed with a firearm in the commission of the offense (§ 12022, subd. (a)(1).) The trial court sentenced him to 16 years to life in prison.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which abolished the natural and probable consequences doctrine in cases of murder and limited the application of the felony murder doctrine. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) The legislation also enacted section 1170.95, which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the changes in the law and resentencing those who were so convicted. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

Caraveo filed a petition for resentencing under section 1170.95 on January 14, 2019. The prosecution filed an opposition arguing that Caraveo was ineligible for resentencing

---

[1] Subsequent unspecified statutory references are to the Penal Code.

because he directly aided and abetted the murder. In support of its position, the prosecution attached copies of the transcript of Caraveo's preliminary hearing, as well as this court's nonpublished opinion in the direct appeal of Caraveo's codefendant, Jose Hernandez. (*People v. Hernandez* (Apr. 30, 1993, B062355).)

The transcript of the preliminary hearing included testimony from a police officer who interrogated Caraveo less than one month after the shooting. According to the officer, Caraveo admitted that he drove two friends in his car to "do a hit" on a rival gang known as Clover. Caraveo stated that Hernandez had a .22 caliber rifle, and he and Caraveo's other friend got out of the car and went down the street. Caraveo heard four or five shots, after which Hernandez and the other friend returned to the car, and Hernandez said they "got" a member of Clover. In fact, they had shot Irene Betancourt, the girlfriend of a Clover member, who died the next day. The same officer also interviewed Hernandez, who gave largely the same account, but denied that he was the shooter. According to Hernandez, the motive of the shooting was revenge against Clover for beating up one of their friends.

At a hearing on January 6, 2021, the trial court denied the petition on the ground that Caraveo failed to make a prima facie case for eligibility.

## DISCUSSION

### A.  *Background on Senate Bills No. 1437 and No. 775*

A defendant convicted of murder, attempted murder, or manslaughter may file a petition under section 1170.95 to

have his conviction vacated and be resentenced, if he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective" as a part of Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).) Senate Bill No. 1437 amended section 188 to require proof of malice in all murder convictions, with an exception for the felony-murder doctrine. It also provided that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The effect of this amendment was to "eliminate[ ] natural and probable consequences liability for first and second degree murder." (*Gentile*, *supra*, 10 Cal.5th at p. 849.) In addition, Senate Bill No. 1437 enacted section 189, subdivision (e), which restricted felony-murder liability to cases in which the defendant was the actual killer, acted with the intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. (See *Gentile*, *supra*, at pp. 842–843.)

When a defendant files a facially sufficient petition for resentencing under section 1170.95, the trial court must appoint counsel to represent the petitioner, obtain briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief. (§ 1170.95, subd. (c).) Our Supreme Court has explained that "the prima facie inquiry under [section 1170.95,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' ([*People v.*] *Drayton* [(2020)] 47 Cal.App.5th [965,] 978, quoting Cal. Rules

4

of Court, rule 4.551(c)(1).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

### B. *Application to the Case*

We agree with both Caraveo and the Attorney General that the trial court erred by finding that Caraveo failed to make a prima facie case. The standards for determining a petition at this stage were not clear at the time the trial court made its decision, but the Supreme Court has since clarified that the grounds for finding that the defendant has not made a prima facie case are limited.

The court explained in *Lewis* that " '[a] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' (*Drayton*, [*supra*, 47 Cal.App.5th] at p. 978, fn. omitted, citing *In re Serrano* (1995) 10 Cal.4th 447, 456 . . . .) 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court cautioned that the trial court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' (*Drayton*, *supra*, 47 Cal.App.5th at p. 980.) . . . [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Lewis*, *supra*, at p. 972.)

Courts have interpreted *Lewis* to mean that "[a]t the prima facie stage, the court may deny a petition if the petitioner is ineligible for resentencing as a matter of law." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987 (*Flores*).) For example, if the jury did not receive instructions on the natural and probable consequences doctrine or felony murder, the two theories of

murder affected by Senate Bill No. 1437, a court may conclude that the defendant must have been convicted under a still valid theory and deny the petition on that basis.  (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 676–677.)

In this case, there were no jury instructions because Caraveo pleaded guilty.  Other important documents, such as the transcript of the plea hearing, are missing from the record, such that we cannot determine whether Caraveo pleaded guilty under a specific theory or admitted the truth of any particular facts. We see no way to determine Caraveo's eligibility other than by drawing conclusions from the transcript of the preliminary hearing in a manner that would involve the kind of factfinding that the Supreme Court forbade in *Lewis*, *supra*, 11 Cal.5th at p. 972.  We must therefore remand the case to the trial court with instructions to issue an order to show cause.  (See *Flores*, *supra*, 76 Cal.App.5th at pp. 991−992.)

## DISPOSITION

The trial court's order denying the petition is reversed. On remand, the court shall issue an order to show cause and conduct further proceedings as required under section 1170.95, subdivision (d).

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


MORI, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.